# DISCIPLINARY DOCKET

**94–902.** Columbus Bar Assn. v. Streifender. On April 29, 1994, movant, Columbus Bar Association, filed an amended motion with this court requesting that the court issue an order directing respondent, Christopher M. Streifender, a.k.a., Chris Meade Streifender, to show cause why he should not be held in contempt for failing to produce trust account records pursuant to a subpoena *duces tecum* issued by the Board of Commissioners on Grievances and Discipline. On May 26, 1994, this court issued an order to show cause. On June 15, 1994, respondent filed respondent's answer showing compliance. On June 24, 1994, movant filed movant's memorandum contra respondent's response. On July 29, 1994, this court issued an order finding respondent in contempt and ordering that if he did not purge himself of contempt within ten days, he would be immediately suspended from the practice of law in Ohio. On August 16, 1994, the court granted respondent an extension of time until August 18, 1994, to purge himself of contempt. On August 31, 1994, movant filed notice with this court that respondent had not furnished to movant any of the materials he was to have provided in order to purge himself of contempt. On September 12, 1994, respondent filed a notice of compliance with court order and motion for termination of sanctions. On September 16, 1994, movant filed movant's response to respondent's notice of compliance. On consideration thereof,

IT IS ORDERED AND ADJUDGED by this court, *sua sponte,* effective September 26, 1994, that respondent, Christopher M. Streifender, a.k.a., Chris Meade Streifender, Attorney Registration Number 0003650, last known business address in Columbus, Ohio, be suspended from the practice of law until he purges himself of contempt.

IT IS FURTHER ORDERED that the respondent, Christopher M. Streifender, a.k.a., Chris Meade Streifender, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before October 26, 1994, and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(F), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R X(3)(F), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio

until: (1) respondent purges himself of contempt; (2) movant, Columbus Bar Association, files with the Clerk of this court written notice that respondent has produced trust account records in compliance with the subpoena *duces tecum* issued by the Board of Commissioners on Grievances and Discipline; (3) respondent complies with this order and with all other orders issued by this court; (4) respondent files with the Clerk of this court a written request that he be purged of contempt and reinstated to the practice of law; and (5) this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before October 26, 1994, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that on or before October 26, 1994, respondent surrender his attorney registration card for the 1993–1995 biennium.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.